UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>STATE OF ILLINOIS, et al.,<br><br>     Defendants. | Case No. 25-cv-1285<br>Judge Lindsay C. Jenkins |

**THE STATE OF ILLINOIS AND GOVERNOR PRITZKER'S
RULE 12(B) MOTION TO DISMISS**

The State of Illinois and the Governor of Illinois, JB Pritzker, in his official capacity, acting through the Attorney General of Illinois, Kwame Raoul, bring this motion to dismiss all claims against them in this action with prejudice under Federal Rule of Civil Procedure 12(b) ("Motion"). In support of this Motion, the State of Illinois and the Governor state as follows:

1.     On February 6, 2025, the federal government filed a three-count complaint against the State of Illinois and the Governor. The complaint asks this Court to invalidate two related Illinois laws, the 2017 TRUST Act and the 2021 Way Forward Act, based on alleged preemption by federal immigration laws (Count I), discrimination against the federal government (Count II), and unlawful regulation of the federal government (Count III).

2.     All the claims asserted against the State of Illinois and the Governor fail as a matter of law and should be dismissed with prejudice under Rule 12(b)(6). Count I should be dismissed because no federal law preempts the TRUST Act or the Way Forward Act. Both these Illinois statutes effectuate Illinois's sovereign choice to opt out of using state and local law enforcement resources to assist with federal civil immigration enforcement. The Tenth Amendment and the

1

anticommandeering rule derived from it protect Illinois's sovereign right to decline to provide this assistance, and no federal law cited in the complaint overrides the choice Illinois has made. *See McHenry County v. Raoul*, 44 F.4th 581 (7th Cir. 2022) (rejecting a prior preemption challenge to specific amendments to the TRUST Act adopted through the Way Forward Act). Count I should be dismissed.

3. In Counts II and III, the federal government asserts that the TRUST Act and the Way Forward Act violate the doctrine of intergovernmental immunity, which generally bars states from "regulat[ing] the United States directly or discriminat[ing] against the Federal Government or those with whom it deals." *United States v. Washington*, 596 U.S. 832, 838 (2022) (cleaned up). Both claims fail. The Seventh Circuit has already rejected the same essential arguments in a prior challenge to specific provisions in the challenged Illinois statutes, *McHenry County*, 44 F.4th at 592-94, and the same rationale requires dismissal of Counts II and III in this case. The challenged Illinois statutes regulate state officers, not federal officers, and they do not discriminate against the United States in doing so. And, because the Tenth Amendment allows Illinois to forego assisting with federal programs, Illinois's choice cannot violate immunity principles even if the federal government is uniquely impacted. Counts II and III should be dismissed.

4. Separately, and independently, all claims against the Governor should be dismissed under Rule 12(b)(1). Illinois law authorizes the Attorney General, not the Governor, to enforce the TRUST Act and the Way Forward Act. *See* 5 ILCS 805/30. Because the federal government has not shown that the Governor could enforce these laws to its detriment, it lacks Article III standing to maintain this suit against the Governor. *E.g., Doe v. Holcomb*, 883 F.3d 971, 979 (7th Cir. 2018). All claims against the Governor should be dismissed for lack of standing.

5. For these reasons, and as stated more fully in their concurrently filed memorandum in support of this Motion, which they incorporate by reference, the State of Illinois and the Governor ask the Court to dismiss all claims against them with prejudice.

WHEREFORE, the State of Illinois and the Governor respectfully request that the Court enter an order granting this Motion and dismissing all claims against them with prejudice.

Date: March 4, 2025

Respectfully submitted,

KWAME RAOUL
*Illinois Attorney General*

By: /s/Christopher G. Wells

Christopher G. Wells
*Chief of the Public Interest Division*
Darren Kinkead
*Public Interest Counsel*
Alex Hemmer
*Deputy Solicitor General*
Alexandra Reed
*Assistant Attorney General*
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, Illinois 60601
Christopher.Wells@ilag.gov
Darren.Kinkead@ilag.gov
Alex.Hemmer@ilag.gov
Alexandra.Reed@ilag.gov