IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF ILLINOIS, *et al.,*<br><br>    Defendants. | No. 25-cv-01285<br><br>Hon. Lindsay C. Jenkins |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(b)(6) FILED BY COOK COUNTY BOARD OF COMMISSIONERS AND COOK COUNTY BOARD PRESIDENT TONI PRECKWINKLE**

Defendants, the Cook County Board of Commissioners and Cook County Board President Toni Preckwinkle, in her official capacity, move pursuant to Fed. Rule Civ. P. 12(B)(1) and 12(b)(6) to dismiss the United States' claims against them, with prejudice, and in support thereof state as follows[1]:

## I.    Introduction

The United States brings this claim against Cook County, the Cook County Sheriff, the Cook County Board of Commissioners, and Cook County Board President Toni Preckwinkle seeking to enjoin a County ordinance. The federal government wrongfully sues the Cook County Board of Commissioners and its President, Toni Preckwinkle in her official capacity because they are agents of Cook County – the only proper defendant. The federal government has also failed to raise facially plausible allegations sufficient to state a claim against either defendant. This court

---

[1] The Board and President Preckwinkle join in full the separate motion to dismiss filed by Cook County, and bring this motion only to supplement the arguments raised in that motion.

should dismiss all claims against the Cook County Board of Commissioners and Toni Preckwinkle with prejudice.

**II.     Argument**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, courts accept as true all well-pleaded facts in Plaintiff's complaint and draws all reasonable inferences from those facts in favor of the United States. *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728-29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**A. The Board Of Commissioners Must Be Dismissed Because It Lacks The Capacity To Be Sued.**

A defendant must have a legal existence, either natural or artificial, to be subject to suit. *See DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976, n.2 (7th Cir. 2000); *Jackson v. Vill. of Rosemont*, 536 N.E.2d 720, 723 (Ill. App. 1st, 1988). The Cook County Board of Commissioners' powers are "coextensive with the county" and therefore it lacks the capacity to be sued. *Ryder v. Cook Cnty. Dep't of Pub. Health*, No. 22 C 626, 2023 U.S. Dist. LEXIS 56436, *7 (N.D. Ill. Mar. 31, 2023) (Tharp, J.) (Cook County Department of Public Health and Cook County Board of Commissioners are non-suable entities). Accordingly, all claims against the Cook County Board of Commissioners must be dismissed.

Moreover, there are no allegations of wrongdoing against the Board of Commissioners to form a basis for a claim upon which relief may be granted. Apart from identifying the Cook County Board of Commissioners, the only claim against the board is that it adopted an ordinance which the federal government erroneously believes violates the supremacy clause. Doc. 1 at 13¶53. There is no more quintessentially legislative act than enacting a law, as the Board of Commissioners is alleged to have done here. *Benedix v. Vill. Of Hanover Park*, 677 F.3d 317, 318 (7th Cir. 2012). Legislative acts are absolutely immune from suit, *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998), so the federal government cannot maintain suit against the board for passing an ordinance it finds objectionable. The federal government raises no other allegations against the Cook County Board of Commissioners.

**B. Board President Preckwinkle Must Be Dismissed As Redundant Of The County.**

The president of the Cook County Board of Commissioners has no power apart from her official role with the county. *See* https://www.cookcountyil.gov/agency/office-president, "mission." President Preckwinkle serves no purpose as a defendant because official capacity suits such as this one "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky. v. Graham*, 473 U.S. 159, 165 (1985); *quoting Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978). Official capacity suits are "to be treated as a suit against the entity." *Kentucky*, 473 U.S. 159 at 166. The entity, Cook County, is being sued directly in this case, making President Preckwinkle's status as a named defendant redundant and only adding to the burden of litigation.

Moreover, the purported facts alleged against President Preckwinkle are even thinner than those levied against the Board. She is mentioned once in the body of the complaint, alleging only that she is the president of the board of commissioners. Doc. 1 at 6¶26. That bare assertion does

not even approach a facially plausible claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678-679.

## Conclusion

In sum, the United States cannot sue the Cook County Board of Commissioners because it is a non-suable entity without a separate legal identity from the County, and has failed to state a claim against either the board or President Preckwinkle. Accordingly, all claims against both the Cook County Board of Commissioners and Toni Preckwinkle should be dismissed with prejudice.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss the claims against Cook County Board of Commissioners and Cook County Board President Toni Preckwinkle.

Respectfully submitted,

Dated March 4, 2025

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By *s/ Jessica M. Scheller*

| | |
|---|---|
| Silvia Mercado Masters | Jessica M. Scheller |
| Edward M. Brener | Deputy Chief; Civil Actions Bureau |
| Jessica L. Wasserman | Prathima Yeddanapudi |
| Assistant State's Attorneys | Chief; Advice, Business & Complex |
| Civil Actions Bureau | Litigation Division |
| 500 W. Richard J. Daley Center | Jonathon Byrer |
| Chicago, IL 60602 | Supervisor, Appeals & Special Projects |
| (312) 603-6934 | Megan Honingford |
| (312) 603-5463 | Assistant State's Attorneys |
| | Jessica.Scheller@cookcountysao.org |
| | Prathima.Yeddanapudi@cookcountysao.org |

4