IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br><br>STATE OF ILLINOIS; JB PRITZKER, Governor of Illinois, in his Official Capacity; THE CITY OF CHICAGO; BRANDON JOHNSON, Mayor of Chicago, in his Official Capacity; LARRY SNELLING, Chicago Police Superintendent, in his Official Capacity; COOK COUNTY, ILLINOIS; COOK COUNTY BOARD OF COMMISSIONERS; TONI PRECKWINKLE, President of the Cook County Board of Commissioners, in her Official Capacity; THOMAS J. DART, Cook County Sheriff, in his Official Capacity,<br><br>*Defendants*. | Case No. 1:25-cv-1285<br><br>Hon. Lindsay C. Jenkins |

**CITY OF CHICAGO, BRANDON JOHNSON, AND LARRY SNELLING'S**
**MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendants City of Chicago, Brandon Johnson, and Larry Snelling (collectively, the "City") respectfully move the Court for an order dismissing Plaintiff's claims against the City under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, the City incorporates its accompanying memorandum of law and states as follows:

1. On February 6, 2025, the United States ("Plaintiff") filed a Complaint against the City, asserting that the Welcoming City Ordinance ("WCO"), Municipal Code of Chicago Ch. 2-173, is preempted by federal immigration laws (Count I), discriminates against the federal government (Count II), and unlawfully regulates the federal government (Count III).

2. In Count I, Plaintiff alleges that the WCO conflicts with various sections of the INA, and that two provisions of the WCO governing the maintenance and sharing of certain

immigration information are expressly preempted by the INA. Both preemption theories fail.

3. As to conflict preemption, Plaintiff argues that the WCO conflicts with the INA because the WCO prevents CPD from assisting when ICE seeks to detain aliens for civil immigration violations. Compl. ¶¶ 67-70, 77. But there is no conflict here, as the INA's terms make clear that local participation in civil immigration enforcement is voluntary. The City's decision to prioritize fighting local crime and preserve trust with residents does not amount to obstruction or interference with federal objectives. Indeed, any reading of the INA as foreclosing the City's choice would violate the Tenth Amendment's anticommandeering doctrine, which forbids the federal government from conscripting local police officers into administering a federal regulatory scheme.

4. As to express preemption, Plaintiff invokes 8 U.S.C. §§ 1373 and 1644, which prohibit state and local restrictions on maintaining or sharing citizenship or immigration status information. Compl. ¶¶ 66, 78. This theory fares no better. Sections 1373 and 1644 are not valid preemption provisions in the first place, as recent Supreme Court precedent makes clear. The statutes, moreover, are facially unconstitutional under the anticommandeering doctrine, because they purport to restrict the City's ability to manage its police force. Even if sections 1373 and 1644 were valid preemption provisions, the text of the WCO as a whole is consistent with those provisions and therefore not preempted.

5. In Count II, Plaintiff alleges that the WCO "discriminates against the Federal Government" because it "single[s] out federal immigration officials, expressly and implicitly, for unfavorable and uncooperative treatment when other law enforcement officials are not so treated." Compl. ¶¶ 82–83. Plaintiff alleges that this purported discriminatory treatment violates the doctrine of intergovernmental immunity, under which the "Supremacy Clause generally

immunizes the Federal Government from state laws that directly regulate or discriminate against it." *United States v. Washington*, 596 U.S. 832, 835 (2022). But the WCO does not violate this doctrine because it does not discriminate against the federal government.

6. In Count III, Plaintiff attempts a different variant of an intergovernmental immunity claim, alleging that the WCO "effects direct regulation of the Federal Government" because, "[b]y refusing to honor civil detainers and warrants expressly authorized by Congress," the City has "unlawfully eliminated these means for federal immigrations [sic] officials to carry out their statutory functions." Compl., ¶¶ 86–87. But the WCO contains no prohibition on federal action; on its face, it applies to and regulates only Chicago's own agents and agencies.

7. On February 28, 2025, the Court granted Defendants' joint motion for an extension of time to file their responsive pleadings until March 4, 2025, and adopted the parties' agreed briefing schedule. ECF No. 21. The court also granted Defendants leave to file 25-page memoranda in support of their motions to dismiss. *Id*.

WHEREFORE, for the reasons above and in the accompanying memorandum of law, the Court should grant the City's Motion and dismiss the Complaint under Rule 12(b)(6) with prejudice.

Dated: March 4, 2025                  Respectfully submitted,

                                                        MARY B. RICHARDSON-LOWRY
                                                        Corporation Counsel of the City of Chicago

                                                        */s/ Andrew Worseck*
                                                          Deputy Corporation Counsel

ANDREW W. WORSECK
andrew.worseck@cityofchicago.org
ELLEN W. MCLAUGHLIN
ellen.mclaughlin@cityofchicago.org
AMIE L. MEDLEY
amie.medley@cityofchicago.org
EMILY A. VERNON
emily.vernon@cityofchicago.org
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
2 N. LaSalle St., Ste. 520
Chicago, IL 60602
(312) 744-7129

*Attorneys for Defendants City of Chicago,*
  *Brandon Johnson, and Larry Snelling*

**CERTIFICATE OF SERVICE**

    I, Andrew Worseck, hereby certify that a copy of the foregoing document was filed on March 4, 2025, with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notifications of such filing to all parties that have appeared in this action.

                                        */s/ Andrew Worseck*
                                        Deputy Corporation Counsel