UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF ILLINOIS, et al.,<br><br>    Defendants. | Case No. 25-cv-1285<br>Judge Lindsay C. Jenkins |

DEFENDANTS' COMBINED RESPONSE TO THE UNITED STATES'S
MOTION TO SET A BRIEFING SCHEDULE FOR ITS
ANTICIPATED CROSS-MOTION FOR SUMMARY JUDGMENT

Defendants State of Illinois and JB Pritzker, in his official capacity as Governor (collectively, the "State Defendants"), as well as Defendants City of Chicago, Brandon Johnson in his official capacity as Mayor, and Larry Snelling in his official capacity as Superintendent of Police (collectively, the "City Defendants"), and Defendants Cook County, the Cook County Board of Commissioners, Toni Preckwinkle, in her official capacity as the President of the Cook County Board of Commissioners, and Thomas J. Dart, in his official capacity as Cook County Sheriff (collectively, the "County Defendants"), moved to dismiss the complaint, ECF 24-35, and the United States responded in opposition, ECF 50. The United States would also like to file a cross-motion for summary judgment. ECF 45. Despite multiple requests, however, the United States refuses to answer the basic question of whether such a motion would rest on evidentiary material (e.g., declarations) not presently in the record.

This non-communicative stance by the United States poses a problem for obvious reasons. If the United States intends to move for summary judgment solely on the basis of the memorandum it filed in opposition to the Defendants' motions to dismiss—without submitting declarations or

1

Case: 1:25-cv-01285 Document #: 53 Filed: 04/04/25 Page 2 of 5 PageID #:358

relying on other factual material—then Defendants agree that it makes sense to brief the United States's cross-motion at an early juncture in the case and concurrently with the various motions to dismiss.[1] In this scenario, both sides would be taking the position that the case can be resolved based on pure questions of law, and the "just, speedy, and inexpensive determination of [the] action" would counsel in favor of deciding both motions at the same time. FRCP 1.

On the other hand, if the United States *does* intend to introduce evidence in support of its summary judgment motion, then it *does not* make sense to brief the motion at this time. As the already-filed motions to dismiss make clear, binding Seventh Circuit precedent, and various other decisions, reject the legal theories upon which the United States's complaint is based and justify dismissal without any further proceedings in this Court. *See*, *e.g.*, *McHenry County v. Raoul*, 44 F.4th 581 (7th Cir. 2022). But even if the law on this topic weren't so clear-cut (it is), it is premature and impractical for a motion for summary judgment relying on previously undisclosed evidentiary material to be briefed at this time. The Defendants would be entitled to take depositions and use other discovery tools to test the United States's factual assertions in any such motion. *E.g.*, *Smith v. OSF HealthCare System*, 933 F.3d 859, 865-66 (7th Cir. 2019) (citing numerous "precedents" that "emphasize the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment against her").[2]

---

[1] The County Defendants may have additional concerns depending on the contents of the motion for summary judgment, but for the purposes of filing a joint brief as requested by the Court, the County Defendants will seek further relief as is necessary.

[2] And make no mistake: any factual assertions that the United States might offer in this context would need to be tested. *E.g.*, Defendants' Memorandum of Law at 3, *Abrego Garcia v. Noem*, No. 8:25-cv-00951-PX (D. Md. Mar. 31, 2025), ECF 11 (United States admitting—through different counsel—that it got confused about a person's immigration status and therefore unlawfully removed him to a country where he had established he would face persecution).

2

Because summary judgment is the "'put up or shut up' moment in a lawsuit," *Grant v. Trustees of Indiana University*, 870 F.3d 562, 568 (7th Cir. 2017), summary judgment proceedings in this district typically involve the exchange of statements of material facts "supported by citation" to "specific evidentiary material" supporting those facts. L.R. 56.1(d)(2). That evidentiary material is typically gathered, exchanged, and examined during discovery—none of which has occurred in this case. With the United States refusing to say whether it is going to rely on undisclosed evidentiary materials, the Defendants cannot unilaterally disarm themselves of the tools discovery would ordinarily afford them, nor can they propose a schedule for resolving the motion for summary judgment.

The State Defendants explained all this to the United States multiple times in an effort to reach a compromise. First, on March 26—prior to the filing of the United States's motion requesting a briefing schedule on its anticipated summary judgment motion, ECF 45—counsel for the State Defendants emailed counsel for the United States asking whether the United States "intend[ed] to submit affidavits or other evidence in support of your motion for summary judgment." If not, and the motion would "essentially stand on the complaint and assert that the case presents pure questions of law," then counsel for the State Defendants indicated an openness to "coalesc[ing] around a proposed schedule." Counsel for the United States was "not authorized" to provide a substantive response to this question.

Then, in a meet-and-confer call on March 27, with all parties present, counsel for the Defendants reiterated the same basic question and rationale for asking it. Once again, counsel for the United States lacked authorization to address whether the planned motion for summary judgment would introduce new evidentiary material.

Finally, on April 2, the day after the United States responded to the various motions to dismiss, counsel for the State Defendants emailed counsel for the United States to say "there's room for productive discussion about a streamlined proceeding here. I think there may be agreement that this case is primarily about questions of law—how various federal and state statutes interact—and additional factual development and discovery will have limited utility." If so, counsel for the State Defendants explained, "we may be amenable to a consolidated briefing schedule in which our reply in support of our motions to dismiss also responds to your motion for summary judgment." Despite these good-faith entreaties, counsel for the United States merely reiterated that she was "still not authorized to share more information about the filing."

The Defendants cannot propose a briefing schedule for the United States's summary judgment motion without knowing whether discovery will be necessary to respond to it. But the United States refuses to answer a basic question about whether that motion will be predicated on evidentiary materials that have not been disclosed. For these reasons, the Defendants respectfully suggest that the Court schedule a status conference to attempt to streamline these proceedings in a way that does not unfairly prejudice any of the parties.

Date: April 4, 2025

MARY B. RICHARDSON-LOWRY
*Corporation Counsel of
the City of Chicago*

By: /s/Andrew W. Worseck
    Andrew W. Worseck
    Ellen W. McLaughlin
    Amie L. Medley
    Emily A. Vernon
    City of Chicago, Department of Law
    2 N. LaSalle St.
    Chicago, Illinois 60602

*Counsel for the City of Chicago,*

Respectfully submitted,

KWAME RAOUL
*Illinois Attorney General*

By: /s/Christopher G. Wells
    Christopher G. Wells
    *Chief of the Public Interest Division*
    Darren Kinkead
    *Public Interest Counsel*
    Alex Hemmer
    *Deputy Solicitor General*
    Alexandra Reed
    *Assistant Attorney General*

| | |
|---|---|
| *Mayor Brandon Johnson, and*<br>*CPD Superintendent Larry Snelling* | Office of the Illinois Attorney General<br>115 S. LaSalle St.<br>Chicago, Illinois 60601<br><br>*Counsel for the State of Illinois and Governor JB Pritzker* |

EILEEN O'NEILL BURKE
*State's Attorney of Cook County*


By: /s/Jessica M. Scheller
Jessica M. Scheller
Deputy Chief; Civil Actions Bureau
Prathima Yeddanapudi
Chief; Advice, Business & Complex Litigation Division
Jonathon Byrer
Megan Honingford
Silvia Mercado Masters
Edward M. Brener
Jessica L. Wasserman
Assistant State's Attorneys
Civil Actions Bureau
500 W. Richard J. Daley Center
Chicago, IL 60602
(312) 603-6934
Jessica.Scheller@cookcountysao.org
Prathima.Yeddanapudi@cookcountysao.org

*Counsel for Cook County, the Cook County Board of Commissioners, Cook County Board President Toni Preckwinkle, and Cook County Sheriff Thomas J. Dart*

5