IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF ILLINOIS; JB PRITZKER, Governor of Illinois, in his Official Capacity; THE CITY OF CHICAGO; BRANDON JOHNSON, Mayor of Chicago, in his Official Capacity; LARRY SNELLING, Chicago Police Superintendent, in his Official Capacity; COOK COUNTY, ILLINOIS; COOK COUNTY BOARD OF COMMISSIONERS; TONI PRECKWINKLE, President of the Cook County Board of Commissioners, in her Official Capacity; THOMAS J. DART, Cook County Sheriff, in his Official Capacity,<br><br>    Defendants. | Case No. 1:25-cv-1285-LCJ |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO FILE A CONSOLIDATED MEMORANDUM AND TO SET A BRIEFING SCHEDULE FOR ITS ANTICIPATED CROSS-MOTION FOR SUMMARY JUDGMENT**

    In an effort to efficiently resolve this case and avoid duplicative filings, the United States proposed filing, in response to Defendants' five separate motions to dismiss, a single consolidated brief opposing those motions and cross-moving for summary judgment. *See* ECF No. 45. That proposal was not only appropriate under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 56(b), it was also prudent here given the substantial overlap between Defendants' arguments and the predominance of legal issues presented in this case. Prior to filing its cross-motion, counsel

1

for the United States conferred with counsel for Defendants to attempt to agree on a briefing schedule, as required by this Court's standing order.[1] Defendants shoehorned their substantive disagreements with the United States' approach into a scheduling dispute. *See* ECF No. 53; *see also* ECF No. 45 ¶¶ 11, 14. On the basis of that dispute, this Court instructed the United States not to file its motion. *See* ECF No. 47. Because Defendants' disagreements are properly raised in an opposition to a motion for summary judgment, the Court should allow the United States to proceed with filing its cross-motion for summary judgment at this time.

### A. The Court Should Permit the United States to File of Its Cross-Motion for Summary Judgment.

The United States sought to exercise its right under Federal Rule of Civil Procedure 56 to "file a motion for summary judgment *at any time* until 30 days after the close of all discovery." *See* Fed. R. Civ. P. 56(b) (emphasis added). That course of action was appropriate here and would have achieved the most efficient presentation of the United States' arguments; it is indeed a common litigation practice. *See, e.g.*, *Semreen v. U.S. Citizenship & Immigr. Servs.*, 2008 WL 11445468, at *1 (M.D. Fla. Apr. 16, 2008) (considering, among other filings, Defendants' motion to dismiss and Plaintiff's Response in Opposition to Defendants' Motion to Dismiss and Contra Motion for Summary Judgment); *Serio v. DiLoreto*, 2002 WL 426165, at *1 n.1 (S.D.N.Y. Mar. 19, 2002) ("The papers reviewed and considered by the Court in connection with this motion include a courtesy copy of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiff's Cross-Motion for summary judgment."); *cf. Certified Multi-media Sols., Ltd. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, 150 F. Supp. 3d 228, 236–37 (E.D.N.Y. 2015) (noting that if a party opposing a 12(b)(6) motion files a cross-

---

[1] *See* Judge Lindsay C. Jenkins, *Case Procedures*, *Motions and Memoranda of Law*, https://www.ilnd.uscourts.gov/judge-info.aspx?IuUaWzNcEoPr4PHl9tvcGaMUezk8AnJ1.

motion for summary judgment, the Court has discretion to convert the Rule 12(b)(6) motion into a motion for summary judgment), *aff'd*, 674 F. App'x 45 (2d Cir. 2017); Fed. R. Civ. P. 12(d).

In anticipation of that filing, counsel for the United States conferred with counsel for Defendants as required by this Court's standing order on Motions and Memoranda of Law.[2] That order requires parties to include an agreed-upon briefing schedule with the motion or indicate their positions on scheduling in a joint submission filed with the motion. Although contrary to the sequencing required by that order, Defendants contended that they could not agree to a briefing schedule or propose one without first knowing the contents of the United States' motion and requested that undersigned counsel preview those contents. *See* ECF No. 53.

As counsel for the United States explained and Defendants should appreciate, the contents of the United States' anticipated, draft filing are privileged and undersigned counsel is not authorized to disclose those contents to Defendants. *See, e.g.*, Model Rules of Pro. Conduct R. 1.6 (Am. Bar Ass'n); *see also Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (discussing the attorney work-product privilege and deliberative process privilege); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (noting that the civil discovery privileges include the deliberative process privilege, attorney-client privilege, and attorney work-product privilege). Since Defendants maintain that they cannot agree to a briefing schedule prior to seeing the United States' filing, the scheduling dispute could be resolved with the filing of the United States' cross-motion for summary judgment.

---

[2] *See* Judge Lindsay C. Jenkins, *Case Procedures*, *Motions and Memoranda of Law*, https://www.ilnd.uscourts.gov/judge-info.aspx?IuUaWzNcEoPr4PHl9tvcGaMUezk8AnJ1.

### B. Defendants' Objections to the United States' Filing Are Appropriately Raised in an Opposition Brief.

If upon reviewing the United States' summary judgment motion, Defendants contend that they need discovery or additional time to respond to the motion, they can explain that to the Court in an appropriate filing, *see* Fed. R. Civ. P. 56(d). Defendants can also explain any other reason they think summary judgment is improper, *see* ECF No. 53 at 2–3, in their opposition to the United States' motion.

Accordingly, the United States respectfully renews its request to file a cross-motion for summary judgment and seeks leave to file a memorandum in support of that motion not to exceed 40 pages[3]. The United States also renews its request for a briefing schedule for its motion typical for "a case of ordinary complexity."[4] Under that schedule, Defendants' opposition to the United States' summary judgment motion would be due four weeks from the date of the United States' filing, and the United States would have two weeks to reply.

WHEREFORE, for these reasons, the United States respectfully asks the Court to allow it to file a cross-motion for summary judgment and memorandum in support of that motion not to exceed 40 pages.

Dated: April 8, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

---

[3] When the United States initially requested leave to file a forty-five-page memorandum, that was in connection with its anticipated consolidated opposition to Defendants' motions to dismiss and cross-motion for summary judgment. The United States here seeks to file a standalone cross-motion for summary judgment and memorandum in support because its opposition to the motions to dismiss is already on file.

[4] *See* Judge Lindsay C. Jenkins, *Case Procedures*, *Briefing Schedules*, https://www.ilnd.uscourts.gov/judge-info.aspx?efBFowZHW7DCEuMxR9nMcQ==.

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

JACQUELINE COLEMAN SNEAD
Assistant Director

*/s/Elisabeth J. Neylan*
ELISABETH J. NEYLAN
CRISTEN C. HANDLEY
Trial Attorneys
Federal Programs Branch
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 616-3519
Fax: (202) 616-8460
E-mail: Elisabeth.J.Neylan@usdoj.gov

*Attorneys for the United States*