**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

STATE OF ILLINOIS, et al.,

     Defendants.

Case No. 25-cv-1285
Judge Lindsay C. Jenkins

**DEFENDANTS' CONSOLIDATED RESPONSE TO THE COURT'S APRIL 15 ORDER
REGARDING SUMMARY JUDGMENT BRIEFING AND DISCOVERY**

Defendants submit this response to the Court's April 15 minute order, ECF 61, regarding their "position on a briefing schedule and discovery in light of the United States' motion for summary judgment."

Defendants' position is that the Court should take the United States' summary judgment motion, ECF 58-60, under advisement and stay briefing on it at least until after the Court decides the pending motions to dismiss, ECF 24-35. The motions to dismiss, which will be fully briefed one week from now, ECF 47, are likely to fully resolve all claims before this Court. But even if the Court does not grant the motions to dismiss in their entirety and some claims remain, the Court's ruling regarding those motions is likely to impact the scope of discovery. As such, Defendants respectfully suggest that in the event the motions to dismiss do not fully resolve the pending claims, the Court order the parties to conduct a Rule 26(f) conference within fourteen days of the issuance of the Court's ruling on those motions.

Defendants believe that setting a briefing schedule on the United States' summary judgment motion is infeasible at this time. The fourteen-page declaration submitted by the United

1

States in support of its summary judgment motion makes various factual assertions that at least some Defendants would seek to probe through discovery.[1] Some of the factual assertions in the declaration also lack sufficient detail to enable Defendants to admit or deny their accuracy. *See, e.g.*, ECF 60-1 ¶¶ 18, 20-21, 24-27. Other factual assertions in the declaration are based on information within the United States' possession that Defendants cannot access or scrutinize without discovery. *See, e.g.*, *id.* ¶¶ 18-19, 23, 33. Ultimately, many of these factual assertions may be immaterial, as the United States itself concedes in noting "the legal issues that predominate the United States' claims." ECF 59 at 3, n.2. But Defendants are not prepared to forego all discovery at this time in order to respond to the United States' early-filed summary judgment motion.

Defendants respectfully submit that the United States has not provided a compelling reason to deviate from the typical sequence of litigation under the Federal Rules of Civil Procedure. Consistent with this sequence, Defendants request that the Court enter an order: (1) taking the United States' summary judgment motion, ECF 58-60, under advisement and staying briefing on that motion until further order of the Court; and (2) instructing the parties to conduct a Rule 26(f) discovery conference within fourteen days of the Court's ruling on Defendants' pending motions to dismiss, ECF 24-34, to the extent any claims remain.

Date:  April 22, 2025                              Respectfully submitted,

MARY B. RICHARDSON-LOWRY                 KWAME RAOUL
*Corporation Counsel of*                 *Illinois Attorney General*
*the City of Chicago*

By:  /s/Andrew W. Worseck               By:  /s/Christopher G. Wells

Andrew W. Worseck                        Christopher G. Wells
Ellen W. McLaughlin                      *Chief of the Public Interest Division*

---

[1] Counsel for the County Defendants have prepared a declaration in accordance with Rule 56(d) outlining discovery they believe is necessary in order to "present facts essential to justify [their] opposition" to the federal government's summary judgment motion. *See* ECF 62-1, Declaration of Assistant State's Attorney Prathima Yeddanapudi. The remaining Defendants reserve their right to submit a declaration under Rule 56(d) at the appropriate stage of the case if they determine such a declaration is necessary.

Amie L. Medley
Emily A. Vernon
City of Chicago, Department of Law
2 N. LaSalle St.
Chicago, Illinois 60602

*Counsel for the City of Chicago,*
*Mayor Brandon Johnson, and*
*CPD Superintendent Larry Snelling*

Darren Kinkead
*Public Interest Counsel*
Alex Hemmer
*Deputy Solicitor General*
Alexandra Reed
*Assistant Attorney General*
Office of the Illinois Attorney
General
115 S. LaSalle St.
Chicago, Illinois 60603

*Counsel for the State of Illinois and*
*Governor JB Pritzker*

EILEEN O'NEILL BURKE
*State's Attorney of Cook County*

By: /s/Jessica M. Scheller
    Jessica M. Scheller
    Deputy Chief; Civil Actions Bureau
    Prathima Yeddanapudi
    Chief; Advice, Business & Complex
    Litigation Division
    Jonathon Byrer
    Megan Honingford
    Silvia Mercado Masters
    Edward M. Brener
    Jessica L. Wasserman
    Assistant State's Attorneys
    Civil Actions Bureau
    500 W. Richard J. Daley Center
    Chicago, IL 60602
    (312) 603-6934
    Jessica.Scheller@cookcountysao.org
    Prathima.Yeddanapudi@cookcountysao.org

*Counsel for Cook County, the Cook County*
*Board of Commissioners, Cook County*
*Board President Toni Preckwinkle, and*
*Cook County Sheriff Thomas J. Dart*

3