IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF ILLINOIS; JB PRITZKER, Governor of Illinois, in his Official Capacity; THE CITY OF CHICAGO; BRANDON JOHNSON, Mayor of Chicago, in his Official Capacity; LARRY SNELLING, Chicago Police Superintendent, in his Official Capacity; COOK COUNTY, ILLINOIS; COOK COUNTY BOARD OF COMMISSIONERS; TONI PRECKWINKLE, President of the Cook County Board of Commissioners, in her Official Capacity; THOMAS J. DART, Cook County Sheriff, in his Official Capacity,<br><br>    Defendants. | Case No. 1:25-cv-1285<br><br>Judge Lindsay C. Jenkins |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUESTS FOR EXCESS PAGES**

    Plaintiff United States of America, by and through undersigned counsel, files this opposition to Defendants' request for excess pages for their reply briefs in support of their motions to dismiss.

    1. On February 6, 2025, the United States filed a three-count complaint against the State of Illinois, the City of Chicago, Cook County, and several individual officers sued in their official

1

capacities ("Defendants") alleging that certain policies in force in those jurisdictions ("Sanctuary Policies") violate the Supremacy Clause of the United States Constitution. *See* ECF No. 1.

2. On March 4, 2025, Defendants filed their 12(b) motions to dismiss and collectively filed five memoranda in support of those motions, totaling seventy-nine pages of briefing. *See* ECF Nos. 24–35.

3. On March 28, 2025, the United States requested leave to file an oversized, consolidated brief in opposition to the motions to dismiss and in support of its anticipated cross-motion for summary judgment, ECF No. 45. The United States represented that this course—a common and accepted litigation practice—*see id.* (citing *Semreen v. U.S. Citizenship & Immigr. Servs.*, 2008 WL 11445468, at *1 (M.D. Fla. Apr. 16, 2008) (considering a plaintiff's cross-motion for summary judgment and opposition to motion to dismiss); *Serio v. DiLoreto*, 2002 WL 426165, at *1 n.1 (S.D.N.Y. Mar. 19, 2002); *Certified Multi-media Sols., Ltd. v. Preferred Contractors Ins. Co. Risk Retention Grp.*, LLC, 150 F. Supp. 3d 228, 236–37 (E.D.N.Y. 2015), *aff'd*, 674 F. App'x 45 (2d Cir. 2017); *cf.* Fed. R. Civ. P. 12(d))—would allow an efficient presentation of the issues in this case.

4. Although Defendants agreed to the United States' request for excess pages, and the United States indicated that it would likewise afford Defendants excess pages on reply, *see* ECF No. 45, Defendants derailed the United States' intended filing by repackaging their substantive issues with the cross-motion for summary judgment as a scheduling dispute that ultimately prevented the contemplated filing. *See* ECF Nos. 47, 53.

5. Although this Court ultimately permitted the United States to proceed with its summary judgment motion, ECF No. 57, and the United States did so on April 14, 2025, ECF No. 58, filing a 15-page brief in support, ECF No. 59, the Court has still not set a briefing schedule in connection

with that motion, and thus it is unclear whether Defendants intend to use their access to the Government's summary judgment filing to their advantage in the forthcoming replies.

6. On April 25, 2025, the State Defendants indicated that they would like 20 pages for their reply brief, and cited this district's local rule 7.1, which provides that briefs may not exceed 15 pages without leave of the Court, *see* ECF No. 70. Earlier today, State Defendants provided a draft motion that repeated that representation, which incorrectly stated the applicable page limit for replies before this Court.

7. Based on that misstatement, the United States initially did not oppose the request for an "additional five pages" by this one set of Defendants. This afternoon, however, undersigned counsel learned that this Court's standing order provides that reply briefs should not exceed 10 pages.

8. Undersigned counsel contacted the State Defendants to request a correction of the mistake in the motion, which then was on file with the Court. State Defendants refused to correct the filing, instead offering to call the docket clerk jointly, which was not acceptable and did not address that the Government's non-opposition assumed that only this Defendant wanted 33% additional pages, not double the number of pages this Court allows for reply briefs.

9. Thereafter, the County Defendants and City Defendants made the same request for the United States' position on their motions to file 20-page reply briefs. Less than three hours later, and without hearing from undersigned counsel, the County Defendants filed their motion. Like the State Defendants, the County Defendants represented that they sought only an additional five pages and not twice the number of pages this Court allows for reply briefs, *see* ECF No. 71.

10. The City Defendants also filed their motion after giving undersigned counsel only a few hours to review their draft, but their counsel cited the correct applicable page limit in their motion, *see* ECF No. 72.

11. Consequently, Defendants, who already have collectively filed 79 pages of briefing in support of their motions to dismiss, now seek an additional 60 pages for their replies to the United States' 39-page motion to dismiss opposition, *see* ECF No. 50. That request is unreasonable, duplicative, and disadvantages the United States, which sought to have the issues presented in cross-dispositive motions.

12. For these reasons, the United States respectfully requests that the Court deny Defendants' motions.

Dated: April 28, 2025.

    Respectfully submitted,

    YAAKOV M. ROTH
    Acting Assistant Attorney General
    Civil Division

    ERIC J. HAMILTON
    Deputy Assistant Attorney General
    ALEXANDER K. HAAS
    Director
    JACQUELINE COLEMAN SNEAD
    Assistant Director

    CRISTEN C. HANDLEY
    ELISABETH J. NEYLAN
    Trial Attorneys
    Federal Programs Branch

    *Attorneys for the United States*