**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 25-cv-01285 |
| v. | Hon. Lindsay C. Jenkins |
| STATE OF ILLINOIS, *et al.,* | |
| Defendants. | |

**REPLY IN SUPPORT OF DEFENDANTS COOK COUNTY BOARD OF COMMISSIONERS AND COOK COUNTY BOARD PRESIDENT TONI PRECKWINKLE'S FED. R. CIV. P. 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

Defendants, Cook County Board of Commissioners and Cook County Board President Toni Preckwinkle, in her official capacity, moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the United States' claims against them with prejudice, and for their reply in support thereof, states as follows:

The Cook County Board of Commissioners moved to dismiss the United States' claims against it because the Board of Commissioners is not a suable entity and because legislative actions are immune from suit. *Ryder v. Cook Cnty. Dep't of Pub. Health*, No. 22 C 626, 2023 U.S. Dist. LEXIS 56436, *7 (N.D. Ill. Mar. 31, 2023) (Tharp, J.) (Cook County Department of Public Health and Cook County Board of Commissioners are non-suable entities); *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). President Preckwinkle moved to dismiss the United States' complaint based on its failure to allege any wrongdoing by President Preckwinkle to establish a claim, and because a suit against her in her official capacity functions as a suit against Cook County. *Kentucky. v. Graham*, 473 U.S. 159, 165 (1985).

In response, the United States conceded these arguments. Dkt. 50, p. 19 fn. 7 ("To the extent the Court agrees that those defendants are redundant or improper, there is no question that Cook County itself is a proper defendant, or that any relief entered against Cook County would run to the appropriate County officers and entities.") Defendants adopted the arguments set forth in the motion and memorandum filed by Cook County and now join in full the separate reply filed by Cook County in support of its motion to dismiss.

WHEREFORE, Defendant Cook County Board of Commissioners and Cook County Board President Toni Preckwinkle respectfully requests that this Court dismiss the United States' claims against them for lack of Article III jurisdiction. In the alternative, the Cook County Board of Commissioners and Cook County Board President Toni Preckwinkle respectfully requests that this Court dismiss those claims for failure to state a claim, with prejudice.

Respectfully submitted,

Dated April 29, 2025

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: *s/ Jessica M. Scheller*

Silvia Mercado Masters
Edward M. Brener
Jessica L. Wasserman
Assistant State's Attorneys
Civil Actions Bureau
500 W. Richard J. Daley Center
Chicago, IL 60602
(312) 603-6934
(312) 603-5463

Jessica M. Scheller
Deputy Chief; Civil Actions Bureau
Prathima Yeddanapudi
Chief; Advice, Business & Complex
Litigation Division
Jonathon Byrer
Supervisor, Appeals & Special Projects
Megan Honingford
Assistant State's Attorneys
Jessica.Scheller@cookcountysao.org
Prathima.Yeddanapudi@cookcountysao.org