IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF ILLINOIS, *et al.,* <br><br> Defendants. | No. 25-cv-01285 <br><br> Hon. Lindsay C. Jenkins |

**REPLY IN SUPPORT DEFENDANT COOK COUNTY SHERIFF THOMAS J. DART'S FED. R. CIV. P. 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

Defendant, Thomas J. Dart, in his official capacity as Cook County Sheriff, moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the United States' claims against him with prejudice, and for his reply in support thereof, states as follows[1]:

In its response, the United States concedes that it "does not contend that enjoining the County Ordinance would necessarily require that the Sheriff take a particular action, but merely that enjoining the County Ordinance would ensure that the County refrains from continued implementation of an unconstitutional policy." Dkt. 50 at 16. By admitting that enjoining the Ordinance will not compel the Sheriff to take any particular action, the United States falls far short of establishing that court action makes it significantly more likely that its injuries will be directly redressed. *Utah v. Evans*, 536 U.S. 452, 464 (2002). The United States cannot predict how the Sheriff will act if the Ordinance is enjoined and dismisses the Sheriff's argument as "irrelevant," Dkt. 50 at 16, but this "guesswork" is insufficient to show Article III standing, which requires a

---

[1] Defendant joined in full the separate motion to dismiss filed by Cook County, bringing his own motion only to supplement the arguments raised in that motion. Defendant joins in full the reply filed in support of Cook County's motion to dismiss.

1

predictable response to the relief requested. *Murthy v. Missouri*, 603 U.S. 43, 57-58 (2024). Finally, the United States does nothing to distinguish the caselaw cited by the Sheriff in further support of his argument that speculative relief is insufficient to support standing. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 43-46 (1976), *Linda R. S. v. Richard D.*, 410 U.S. 614 (1973). Since the United States lacks Article III standing to sue, the Sheriff must be dismissed from this action, with prejudice.

Even if this Court were to find that the United States had standing, its allegations against the Sheriff fail to state cause of action. First, the United States does not dispute that the Sheriff does not pass ordinances or set County policy. The allegations in the Complaint directed towards the Sheriff suggest no cause of action, moreover, the United States' response suggests no wrongdoing or misconduct and concedes that it does not seek a particular action from the Sheriff. Dkt. 50 at 16. Indeed, the United States concedes in a footnote that it named multiple defendants associated with one governmental body to "ensure inclusion of all necessary parties for complete relief," knowing that "any relief entered against Cook County would run to the appropriate County officers and entities." Dkt. 50 at 19 n. 7. While it was not specifically referring to the Sheriff in that footnote, it is plain from the Complaint and response that the Sheriff was named in an effort to cast a wide net. The United States does not seek any separate relief from the Sheriff and merely complying with the County Ordinance does not raise redressable injuries. Because §§ 1373 and 1644 do not obligate the Sheriff to take any particular action, the Sheriff can comply with both the County Ordinance and federal law. For these reasons, the Sheriff is entitled to dismissal, with prejudice.

WHEREFORE, Defendant Cook County Sheriff Thomas J. Dart respectfully requests that this Court dismiss the United States' claims against the Sheriff for lack of Article III jurisdiction.

In the alternative, the Sheriff requests that this Court dismiss those claims for failure to state a claim, with prejudice.

                                                        Respectfully submitted,

Dated April 29, 2025                         EILEEN O'NEILL BURKE
                                                        State's Attorney of Cook County

                                                     By:  *s/ Jessica M. Scheller*

Silvia Mercado Masters                     Jessica M. Scheller
Edward M. Brener                         Deputy Chief; Civil Actions Bureau
Jessica L. Wasserman                      Prathima Yeddanapudi
Assistant State's Attorneys                 Chief; Advice, Business & Complex
Civil Actions Bureau                        Litigation Division
500 W. Richard J. Daley Center           Jonathon Byrer
Chicago, IL 60602                           Supervisor, Appeals & Special Projects
(312) 603-6934                              Megan Honingford
(312) 603-5463                              Assistant State's Attorneys
                                                       Jessica.Scheller@cookcountysao.org
                                                        Prathima.Yeddanapudi@cookcountysao.org